647 S.E.2d 176

**In the Matter of James Stone CRAVEN, Respondent.**

No. 26341.

Supreme Court of South Carolina.

Submitted May 14, 2007.

Decided June 11, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

James Stone Craven, of Greenville, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension from the practice of law of not less than six (6) months or more than two (2) years. Respondent requests the suspension be made retroactive to the date of his interim suspension. We accept the Agreement and impose a two year suspension from the practice of law. The suspension shall not be made retroactive to the date of respondent's interim suspension. *See In the Matter of Craven*, 371 S.C. 393, 639 S.E.2d 150 (2006). The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent was admitted to the South Carolina Bar in 2001. His practice primarily involved trademark and copyright law.

Respondent asserts that he began using cocaine in an attempt to deal with the death of a loved one and other personal problems. Respondent's use of cocaine increased until it became a severely debilitating condition which contributed to his divorce, the dissolution of his law firm, the eviction from his law office building, the inability to properly represent his clients, and a virtual abandonment of his law practice for a short period of time. Respondent now recognizes that, at least for a short period of time during the later stages of his addiction, he was unable to provide competent, diligent representation to several of his clients and he did not adequately

communicate with some of his clients about matters he had undertaken to handle for them.

Respondent sought help from Lawyers Helping Lawyers and voluntarily entered a detoxification facility. The director of Lawyers Helping Lawyers advises that respondent has been fully compliant with his recommendations, appears to be free from the use of cocaine, and that he expects respondent to abstain from the use of cocaine indefinitely.

During the period of his addiction, respondent made numerous deposits to and withdrawals from his trust account which should have been deposited into and drawn out of his operating account. On numerous occasions respondent negotiated checks on his trust account which should have been negotiated out of his operating account or his personal bank account. These checks included, but are not necessarily limited to, a refund of a retainer to a client which respondent had already expended as an earned fee, payment to a restaurant for a meal, payment of a credit card statement, payments directly to himself, and five checks payable to a liquor store for cash. On several occasions in March 2006, there were overdrafts and/or negative balances in respondent's trust account.

Respondent did not reconcile his trust account in accordance with the requirements of Rule 417, SCACR. He did not maintain ledger records so as to be able to readily determine the amount held in the trust account for each client and did not keep other records required by the rule.[1]

Respondent received $275 for filing fees from a client related to a trademark application. Respondent represents he completed the initial portion of the work for the client but should have been holding the sum for other filing fees for additional work that was contemplated between respondent and the client. When respondent's trust account obtained a negative balance as a result of checks written on the account for respondent's personal purposes, respondent effectively used the $275 for purposes other than intended. Respondent represents he has subsequently repaid this client.

---

1. Respondent represents that, due to the nature of his practice, there were rarely any large sums of money in his trust account. ODC has no basis to dispute this representation.

Respondent represents that, with the exception of the $275, the money spent from the trust account actually belonged to himself. However, he agrees that in withdrawing the funds in the manner stated, respondent could not readily identify the source of the monies withdrawn. Respondent acknowledges it constituted misconduct to use the $275 for purposes other than intended, to commingle his personal monies with the monies of others in his trust account, to use his trust account as a personal checking account, to write checks to himself and/or for cash, and to fail to comply with the recordkeeping and money handling provisions of the Rules of Professional Conduct and Rule 417, SCACR.

On at least one occasion after being placed on interim suspension, respondent contacted a client, gave the client a closed file to demonstrate he had in fact completed his legal services to that client prior to his suspension and to support his request to the client for the payment of a $500 fee (computed by respondent to be the balance due for an earned fee on the matter). Respondent now recognizes that, once placed on interim suspension, his client files and earned fees became the responsibility of the attorney appointed by the Court to protect the interests of respondent's clients. *See* Rule 31, RLDE, Rule 413, SCACR.

In accordance with the terms of the Agreement, respondent agreed as follows: 1) to make arrangements for random drug tests by Lab Corp (or some other facility the parties would agree upon in writing)[2] no less frequently than every 90 days;[3] 2) to continue to submit to random drug testing during the period of suspension imposed by the Court and, should he be reinstated to the practice of law, for a period of one year after his reinstatement; 3) to pay all costs associated with the drug tests when due; and 4) to cause all test reports to be sent directly from the testing facility to ODC, if the drug testing facility will do so and, if not, to forward the original of

---

**2.** The random drug tests shall be for standard reportable percentages of cocaine, marijuana, opiates, and other common illegal drugs routinely included in such a test.

**3.** Respondent agreed to make the arrangements with a drug testing facility within fifteen (15) days of the date of the Agreement.

all reports within fifteen (15) days of receipt of the reports by respondent.

In addition, respondent agreed that his failure to strictly comply with the testing provisions in the Agreement or the indication of the use of illegal drugs in any report shall be grounds for additional disciplinary proceedings. Further, respondent agreed that, if he is reinstated to the practice of law and, thereafter, fails to strictly comply with the testing provisions in the Agreement or should any report indicate the use of illegal drugs, he would be subject to interim suspension from the practice of law upon presentment of any report, copies thereof, or an affidavit of lack of receipt of the reports by ODC as required by the Agreement.

Respondent and ODC stipulated and agreed that the drug testing reports or copies thereof shall be presumed admissible in any and all proceeding before the Commission on Lawyer Conduct, the Committee on Character and Fitness, and the Court without the necessity of ODC having such reports identified and/or authenticated by any personnel of the testing facility. While respondent shall be entitled to challenge any test results he deems inaccurate, the reported results shall be presumed accurate and the burden of proof shall be on respondent to demonstrate the inaccuracy of any report by the clear and convincing standard.

Finally, prior to filing a Petition for Reinstatement, respondent agrees to pay $182 to the court reporter who transcribed his on-the-record, under oath interview.

Respondent has no prior disciplinary history. To the best knowledge and belief of ODC, respondent has fully cooperated with inquiries into this matter, including voluntarily submitting to an on-the-record, under oath interview, waiving the formalities of time and notice and doing so without requiring prior notice of matters to be addressed in the interview. The director of Lawyers Helping Lawyers advises respondent continues to work closely with the program and to follow his recommendations. Respondent recognizes that the use of or addiction to mind altering substances is not a defense to disciplinary proceedings and offers information related thereto only as an admission of that misconduct and in mitigation of other misconduct.

## *LAW*

■ Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office), and Rule 7(a)(7) (it shall be a ground for discipline for a lawyer to willfully violate a valid court order issued by a court of this state). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall safekeep client property); Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); and Rule 8.4(c) (it shall be professional misconduct for a lawyer to engage in conduct involving moral turpitude). Further, respondent admits he has violated the financial recordkeeping provisions of Rule 417, SCACR.

## *CONCLUSION*

■ We accept the Agreement for Discipline by Consent and impose a two year definite suspension from the practice of law. Respondent's request that the suspension be applied retroactively to the date of his interim suspension is denied. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

620

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.